JOHN J. FLOURNOY, plaintiff in error, *vs.* J. B. SILMAN, administrator, *et al.*, defendants in error.

F. bought land from V. and gave his note for the purchase money. V. transferred the note to W., who obtained judgment thereon. M. agreed to pay off the judgment, if F. would convey the land to him. This was done, but instead of paying off the judgment, M. took an assignment thereof, and is proceeding to enforce its collection by levy and sale:

*Held*, that illegality was the proper remedy, and not injunction.

Equity. Injunction. Illegality. Before Judge RICE. Clarke County. At Chambers. September 26, 1877.

Reported in the decision.

L. & H. COBB; W. J. PIKE, for plaintiff in error.

S. P. THURMOND, by brief, for defendants.

WARNER, Chief Justice.

The complainant filed his bill against the defendants with a prayer for an injunction on the allegations contained therein, which the presiding judge refused to grant; whereupon the complainant excepted. The main grounds of equity alleged in complainant's bill are, that he purchased fifty acres of land from one Venable, for which he gave his negotiable note for $400; that Venable transferred it to

Witt, who obtained judgment thereon against complainant; that when Witt pressed him for the payment of the note, one Mathens promised him that if he would make him a deed to the fifty acres of land he would pay off said note, which he failed to do; but, on the contrary, he has purchased the *fi. fa.* which issued on the judgment obtained on said note, of the administrator of Witt (the latter being dead), and the same is now the property of Mathens, who has had it levied on complainant's land.

If the *fi. fa.* is the property of Mathens, and the fifty acres of land was conveyed to him to pay that debt, as alleged, then it is paid, so far as Mathens is concerned, and an affidavit of illegality alleging such payment would have been an adequate remedy, inasmuch as he can now, under our practice, allege and set forth therein such equitable grounds of relief as he could obtain' in a court of equity. On the statement of facts disclosed in the record, we will not interfere to control the discretion of the chancellor in refusing the injunction prayed for.

Let the judgment of the court below be affirmed.