### PHILLIPS *vs.* SEWELL.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Parol evidence of a payment, given by a witness on his direct examination, may be rebutted, explained or contradicted by like evidence of the same witness on his cross-examination, though it be disclosed that there is a writing present in court in possession of the witness which will throw light on the true nature of the transaction to which the evidence relates.
2. The writing, if relevant, may be introduced at the proper time by either party.  Where it acknowledges that credits are to be entered on a general *fi. fa.*, without specifying any amounts, it is some evidence against the party who executed it, when the whole debt is claimed by such party in a proceeding to foreclose a mortgage for

the debt covered by the *fi. fa.*, and definite credits are claimed by the mortgagor in his pleadings. To start with the mortgagee's admission that some credits ought to be allowed, is an aid to the mortgagor in establishing the truth of his plea.

3. The purchase of part of a debt differs essentially from part payment of the debt.

4. A charge of the court, with no evidence to base it upon, is erroneous. Where there is evidence tending to establish an alleged payment, but none which tends to treat it as a purchase for the benefit of the person through whose hands the money reached the creditor, the law of payment is applicable, and the law of purchase is not.

Witness. Evidence. Payment. Charge of Court. Before Judge LESTER. Cobb Superior Court. March Term, 1879.

Sewell instituted proceedings to foreclose a mortgage executed by Phillips to secure the payment of a promissory note, made by the Marietta Paper Mill Company, on June 25, 1862, due on January 1st next thereafter, for $5,000.00, and indorsed by him. Phillips pleaded payment of various amounts during the years 1869–1877, an itemized statement of which was set forth. Among others, appear the following:

"March 1st, 1873.........................$2,792 60
By E. Faw........................................ 609 30
March 4, 1873, by S. A. Anderson.............. 160 00
For professional services in Pouledge *vs.* Sewell. 150 00"

It appears that there was no dispute about the correctness of a large number of the credits claimed, and hence defendant pleaded specially the following facts: In addition to the amounts admitted by plaintiff, defendant is entitled to credit for the following sums: $2,792.60, paid on March 1st, 1873; $200.00 on March 18, 1873; $140.00 on April 15th, 1873; $240.00 on June 22, 1877; $340.00 paid by C. D. Phillips to plaintiff; $118.75 on March 3, 1875.

Upon the trial of the issue thus formed, the plaintiff introduced the note and mortgage, and closed.

Anderson, for the defendant, testified as follows : Made all the payments set forth in the above special plea which precede that said to have been made by C. D. Phillips. On cross-examination he stated as follows: "The $2,792.60 I paid to Van Wych, of the firm of Aldrich & Van Wych. The mill property was being sold, and I stopped the sale by paying the money. I was buying an interest in the Marietta Paper Mill, and got the stock for the money I paid, but there were some old *fi. fas.* against the property, and I took a transfer of an interest in the mortgage to secure me. The title is not cleared up yet, for $3,000.00 is due Jim. Brown for the purchase money, and I hold his bond.

Re-direct. The transfer of the interest I claim is in writing, and of record in the clerk's office. This is the obligation in my hands. I got the stock for the money I paid. The $200.00 and the $140.00 I paid to plaintiff in. person. The money I paid, less $240.00 which the defendant paid back to me, was not to go as payment upon the debt until I received a clear and unincumbered title to a one-fifth interest in the paper mill. This has not yet happened ; I have the stock, but it is still incumbered with the debt to Brown.

Other testimony was introduced not deemed material here. The jury found for the plaintiff $5,000.00 as principal, $4,272.48 as interest, and costs of suit. The defendant moved for a new trial, which was refused, and he excepted.

The remaining facts, so far as relevant, are stated in the opinion.

George F. Gober; C. D. Phillips; W. T. & W. J. Winn, for plaintiff in error.

D. & T. B. Irwin ; W. P. McClatchey, for defendant.

Bleckley, Justice.

1. Certain matters were pleaded as payments upon the mortgage debt. A list of the alleged payments was set out

41

in the mortgagor's answer.    Among the items was a large amount as paid by or through S. A. Anderson.    At the trial, Anderson was introduced by the mortgagor to prove this payment, and on the direct examination his testimony tended to establish it.    On the cross-examination, he enlarged or modified his statement in a way to make the real transaction appear, not as a payment, but as a purchase by him of an interest in the debt.    He said he had taken a transfer of an interest from the mortgagee in writing, and that the writing was present in court.    Thereupon counsel for the mortgagor moved to rule out the cross-examination, offering to let the direct examination go out with it if the court thought proper, but not withdrawing the same unconditionally.    The court held the parol evidence elicited on the cross-examination admissible, though the transfer was in writing, and refused to exclude it.    In this the court, we think, was correct.    The direct examination disclosed what the witness at first called and considered a payment.    The cross-examination was an amplification of his previous evidence, and when the transaction was fully described and explained, it wore the aspect, not of a payment, but of a purchase.    It was not the direct object of the cross-examination to prove a purchase, but to make the witness rebut and correct his previous evidence as to payment.    It was simply equivalent to bringing round the witness to say, on better consideration, "No, I was mistaken, I did not pay any of the debt, but the money I delivered to the mortgagee was paid on my own account, as the purchase money of an interest in the debt."    The effect of this would be to render the direct examination null by the cross-examination—that is, to meet and negative parol evidence by other parol evidence from the same witness in the course of one and the same act of testifying.

2. Subsequently, counsel for the mortgagor offered the writing in evidence, and the court excluded it.    For two reasons, we think this exclusion was improper.    The first is, that though the mortgagee was not obliged to introduce

the paper, yet, as the witness had referred to it, and had it in court, the mortgagor had a right to show by it whether in fact it was a transfer or a mere receipt, or what it was ; and secondly, the face of the paper, as copied in the record, shows that it was relevant as an acknowledgment in writing, signed by the mortgagee, "that there are credits to be entered on said fi., fa. heretofore made by the defendants," etc. There was no point made on the execution of the paper, and Anderson testified that it was the transfer which he took from the mortgagee, which testimony he was competent to give, for there was no subscribing witness to the instrument. Assuming that the fi. fa. on which credits were to be entered, was a fi. fa. issued on a general judgment for the mortgage debt, and this, we think, is clearly inferable from Anderson's evidence, the same credits ought to be allowed in foreclosing the mortgage. The mortgagor is claiming diverse credits, and this written acknowledgment of the mortgagee indicates that some credits ought to be entered. From the record before us, it would seem that the petition and rule to foreclose are proceeding for the entire debt, and if so, the document ruled out by the court tends to show that the claim is broader than the real justice of the case. What credits ought to be allowed is for the mortgagor to show, notwithstanding the loose acknowledgment of the mortgagee contained in the writing, but it will be more easy to do this with the aid of the acknowledgment than without it. It tends to negative the theory that the whole debt is unpaid, and that is of some consequence. We think the paper should have been admitted. Whether, in view of the transfer it contains, Anderson ought not to be made a party to the foreclosure proceeding as a usee of the petitioner, may deserve consideration by those who may have an interest in making the final record of the case speak the truth as to how the recovery is to be discharged, and who is to take the benefit of the same. Certain remarks were made by the presiding judge about leaving Anderson "out in the cold," etc., which are

complained of in the motion for a new trial, but which we need not discuss, as there is no probability of their becoming a precedent, even if they were improper. We are reluctant to superintend the minor and informal expressions which may escape the judges in giving shape and direction to the litigation with which they have to deal. Imperfect ourselves, we wish to insist as little as possible on absolute perfection in others. We think no *right* was invaded or impaired by what the judge said, and with this observation we leave the subject.

3. The court charged the jury, in effect, that the purchase of a part of a debt by a person not a party to it, is not a payment. Surely no error can be found in this sober and sensible proposition in so far as the evidence justified any charge on this point.

4. In the list of payments pleaded by the mortgagor was one of over six hundred dollars as made by E. Faw. The mortgagor testified that he read over the whole list to the mortgagee, and that the latter admitted it to be correct, with certain specified exceptions. The Faw payment was not one of the exceptions, and there is nothing in the brief of evidence on the subject of that payment except what the mortgagor testified. Certainly there is no hint or intimation that it was made by way of purchase by Faw, or any other person, of an interest in the debt. Yet the court charged, no doubt inadvertently, that if such was its nature the mortgagor would not be entitled to have it deducted. The mistake was in classing the Faw transaction with the Anderson transaction, as if there might be similar evidence as to both, when the evidence was, in fact, wholly dissimilar. For this error in the charge, the judgment refusing a new trial is reversed, it being apparent, and counsel for defendant in error admitting in the argument, that the jury did not allow the amount of the Faw payment. Whether the jury were otherwise wrong in their calculation need not be decided, as a wholly new calculation has to be made. It may be well to add that where a debtor pays a third person

to pay a debt, the latter cannot purchase it in, and enforce another payment to himself. 59 *Ga.,* 195, 350. The ground of newly discovered evidence in the motion for a new trial is now immaterial.

Judgment reversed.